**ATTACHMENT B**

**<u>CERTIFICATE OF CORPORATE RESOLUTIONS</u>**

I, Magali Anderson, do hereby certify that I am Chair of the Board of Directors and Chief Executive Officer of Lafarge, S.A. (the "Company"), a French company based in Paris, France, and that the following are true, complete and correct resolutions adopted on October __, 2022 by the Board of Directors of the Company:

WHEREAS, the Company has been engaged in discussions with the United States Attorney's Office for the Eastern District of New York (the "Office") and the United States Department of Justice, National Security Division ("NSD") regarding issues arising from a conspiracy to make payments to designated foreign terrorist organizations involving the Company and its subsidiary Lafarge Cement Syria S.A. ("LCS"); and

WHEREAS, in order to resolve such discussions, it is proposed that the Company and LCS enter into a certain agreement with the Office and NSD; and

WHEREAS, the Company's outside counsel, Debevoise & Plimpton LLP and Pierre Servan-Schreiber, have advised the Company's Board of Directors of its rights, possible defenses, the Sentencing Guidelines' provisions and the consequences of entering into such agreement with the Office and NSD;

Therefore, the Board of Directors has RESOLVED that:

1.      The Company acknowledges the filing of the one-count Information charging Lafarge S.A. and LCS (collectively the "Defendants") with a violation of 18 U.S.C. § 2339B(a)(1);

1

2. The Defendants will waive indictment on the charge and enter into a plea agreement with the Office and NSD (the "Agreement");

3. The Defendants will pay fines totaling $90.78 million, a forfeiture money judgment totaling $687 million, and mandatory special assessments of $400 each with respect to the conduct described in the Information and a Statement of Facts, in the manner described in the Agreement;

4. The Defendants will admit the Court's jurisdiction over the Defendants and the subject matter of such action and will consent to the judgment therein;

5. The Defendants will accept and comply with each and every term and condition of the Agreement, including, but not limited to, (a) a knowing waiver of their rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); (b) a knowing waiver, for purposes of the Agreement and any charges by the United States arising out of the conduct described in the Statement of Facts attached to the Agreement, of any objection with respect to venue and consents to the filing of the Information, as provided under the terms of the Agreement, in the United States District Court for the Eastern District of New York; and (c) a knowing waiver of any defenses based on the statute of limitations for any prosecution relating to the conduct described in the Information or Statement of Facts or relating to the conduct known to the Office and NSD prior to the date on which the Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of the Agreement;

6. The Company assumes full responsibility for the Defendants' obligations under the Agreement, including but not limited to any obligations to pay financial penalties, and the Company's obligation to engage in remedial measures, cooperate with the Office and NSD, and

provide annual updates on compliance. The Defendants agree to consent to the jurisdiction of the U.S. District Court for the Eastern District of New York to resolve any disputes that should arise in connection with the Defendants' satisfaction of their obligations under the Agreement.

7.      Magali Anderson is hereby authorized, empowered and directed to execute the Agreement substantially in such form as reviewed by this Board of Directors (i) on behalf of the Company, and (ii) for LCS, as LCS is a dormant company having no current operations, legal representatives, officers or directors;

8.      Magali Anderson is hereby authorized, empowered and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms or provisions of any agreement or other documents as may be necessary or appropriate to carry out and effectuate the purpose and intent of the foregoing resolutions, including, but not limited to waiving indictment on behalf of the Defendants, appearing on behalf of the Defendants in any proceedings related to the Agreement and the matters to which the Agreement relates, execute and deliver any documents necessary to enter into the proposed settlement with the Office and NSD, enter a guilty plea before the United States District Court for the Eastern District of New York, and accept the sentence of said court on behalf of the Defendants; and

9.    All of the actions of Magali Anderson, which actions would have been authorized by the foregoing resolutions except that such actions were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved and adopted as actions on behalf of the Company.

Date: 10.18.2022

By: _____

Magali Anderson
Chair of the Board of Directors and
Chief Executive Officer
Lafarge, S.A.