FR:AL
F. #2017R02031

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

       - against -

LAFARGE S.A. and
LAFARGE CEMENT SYRIA S.A.,

             Defendants.

– – – – – – – – – – – – – – – – X

## ORDER OF FORFEITURE

No. 22-CR-0444 (WFK)

       WHEREAS, on or about October 18, 2022, **Lafarge S.A. and Lafarge Cement Syria S.A.** (the "defendants"), entered a plea of guilty to the offense charged in the Sole Count of the above-captioned Information, charging a violation of 18 U.S.C. § 2339B(a)(1); and

       WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(G) and 28 U.S.C. § 2461(c), the defendants have consented to the entry of a forfeiture money judgment in the amount of six hundred eighty-seven million dollars and zero cents ($687,000,000.00) (the "Forfeiture Money Judgment"), and agree it represents one or more of the following: (a) property, real and/or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; (b) assets, foreign and/or domestic, of any person, entity or organization engaged in planning or perpetuating any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and assets, foreign and/or domestic, affording any person a



**COURT'S**
EXHIBIT NO. 5
IDENTIFICATION/EVIDENCE
DKT.# 22CR444
DATE: 10/18/22
PENGAD 800-631-6989

source of influence over any such entity or organization; (c) assets, foreign and/or domestic, acquired or maintained by any person, entity, or organization with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (d) assets, foreign and/or domestic, derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (e) assets, foreign and/or domestic, of any person, entity or organization engaged in planning or perpetuating any act of international terrorism (as defined in 18 U.S.C. § 2331) against any international organization (as defined in 18 U.S.C. § 4309(b)) or against any foreign Government; and/or (f) substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendants as follows:

1. The defendants shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(G), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). Each of the defendants shall be jointly and severally liable for the full amount of the Forfeiture Money Judgment.

2. Payments made by wire transfer shall be made pursuant to written instructions provided by the Office. All other payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendants shall cause said payment(s) to be sent by overnight mail delivery

to Assistant United States Attorney Artemis Lekakis, United States Attorney's Office,

Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The

Forfeiture Money Judgment shall be paid in full on or before November 14, 2022 (the "Due

Date").

        3.     If the defendants fail to pay any portion of the Forfeiture Money

Judgment on or before the Due Date, the defendants shall forfeit any other property of thiers

up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), and defendants

further agree that the conditions of 21 U.S.C. §§ 853(p)(1)(A)-(E) have been met.

        4.     Upon entry of this Order of Forfeiture ("Order"), the United States

Attorney General or his designee is authorized to conduct any proper discovery in

accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title

to the monies paid by the defendants to satisfy the Forfeiture Money Judgment following the

Court's entry of the judgment of conviction.

        5.     The defendants shall fully assist the government in effectuating the

payment of the Forfeiture Money Judgment, by among other things, executing any

documents necessary to effectuate any transfer of title to the United States. The defendants

shall not file a claim or petition seeking remission or contesting the forfeiture of any property

against which the government seeks to satisfy the Forfeiture Money Judgment in any

administrative or judicial (civil or criminal) proceeding. The defendants shall not assist any

person or entity to file a claim or petition seeking remission or contesting the forfeiture of

any property against which the government seeks to satisfy the Forfeiture Money Judgment

in any administrative or judicial (civil or criminal) forfeiture proceeding.

6.     The defendants knowingly and voluntarily waive their right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendants knowingly and voluntarily waive their right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.     The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9.     This Order shall be binding upon the defendants and the successors, administrators, heirs, assigns and transferees of the defendants, and shall survive the bankruptcy of any of them.

          10.    This Order shall be final and binding only upon the Court's "so

ordering" of the Order.

          11.    The Court shall retain jurisdiction over this action to enforce

compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R.

Crim. P. 32.2(e).

Dated:  Brooklyn, New York
            _October 18_    , 2022

          SO ORDERED:

          s/ WFK

          HONORABLE WILLIAM F. KUNTZ, II
          UNITED STATES DISTRICT JUDGE
          EASTERN DISTRICT OF NEW YORK